# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

MEDICOLEGAL AND LITERARY
WORKS LLC WILMINGTON,
DELAWARE, NEW CASTLE COUNTY
CORPORATE JURISDICTION,

    Plaintiff,

v.                                                      C.A. No. 10-864-LPS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
WILMINGTON, DELAWARE,

    Defendant.

## MEMORANDUM ORDER

At Wilmington this 28th day of September, 2011:

Presently before the Court is Defendant United States District Court for the District of Delaware's Motion to Dismiss. (D.I. 3) For the reasons discussed below, the Court will grant the Motion to Dismiss.

## I. BACKGROUND

Catherine Lataillade, who proceeds pro se, filed this lawsuit in the Delaware Court of Chancery on behalf of Medicolegal and Literary Works LLC ("Plaintiff") alleging violation of the criminal copyright statute, 17 U.S.C. § 506, and breach of contract claims against the United States District Court for the District of Delaware ("Defendant"). (D.I. 1 Ex. A) On October 8, 2010, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1). (D.I. 1)

Defendant moves to dismiss on the grounds that Plaintiff's complaint fails to state a claim

1

upon which relief can be granted and that the Court lacks subject matter jurisdiction to the extent Plaintiff attempts to assert copyright or contract claims against the United States.[1] (D.I. 3) Plaintiff filed no response to this motion.

## II. **LEGAL STANDARDS**

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)). While heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged. *Twombly*, 127 S. Ct. at 1974. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each]

---

[1] Because the Court has determined that Plaintiff failed to state a claim upon which relief can be granted, it will not address the United States' additional argument that this Court lacks subject matter jurisdiction.

necessary element" of a plaintiff's claim. *Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

## III. DISCUSSION

First, Defendant asserts that the complaint fails to state a claim upon which relief can be granted because it purports to be brought solely on behalf of a corporate entity, namely Medicolegal Literary Works LLC. (D.I. 3 at ¶ 1) A corporate entity may appear in federal court only by representation of a licensed attorney. *See Rowland v. California Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996). Here, the complaint lists Medicolegal Literary Works LLC as the sole plaintiff, and it is not represented by counsel. Thus, this pro se complaint should be dismissed. *See generally Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Next, Defendant asserts that the allegations contained in the complaint are insufficient under Federal Rule of Civil Procedure Rule 8(a) to state a claim upon which relief can be granted. (D.I. 3 at ¶ 2) Plaintiff's complaint does not contain the "short plain statement of the claim" which is required by Rule 8(a). Instead, the Plaintiff alleges that its "computers have been

interrupted, in private and public." (D.I. 1 Ex. A at ¶ 2) However, this bare allegation does not plausibly suggest that Plaintiff is entitled to relief under the criminal copyright statute cited or any other legal theory. Moreover, Plaintiff fails to make a valid demand for relief. Thus, Plaintiff's complaint is insufficient under Rule 8(a) to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 564.

## IV. CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that the United States District Court for the District of Delaware's Motion to Dismiss (D.I. 3) is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE